LENORA T. PHILLIPS, *Appellant*, v. WILLIE HOWELL, *Appellee.*

Division B.

Opinion Filed October 18, 1924.

When testimony is contradictory the finding of the master approved by the chancellor will not be disturbed unless it clearly appears that the chancellor erred in his conclusion.

An Appeal from the Circuit Court for Duval County; George Couper Gibbs, Judge.

Decree affirmed.

*McGill & McGill* and *Frank E. Jennings,* for Appellant;

*Marion B. Jennings,* for Appellee.

TERRELL, J.—Lenora T. Phillips brought suit in chancery to remove a cloud from the title to certain lands claimed by her in Duval County, Florida. The cloud in question was a will made by one George Phillips, May 7, 1908, in favor of one Rena Howell, said will having been probated in Duval County, February 17, 1917.

The bill alleges that Lenora T. Phillips, the appellant, was lawfully married to the said George Phillips September 25, 1912; that one child was the result of said marriage, and that at the time of the death of the said George Phillips on October 12, 1916, she was his lawful wife. The answer challenges all allegations in support of said marriage, and alleges that Rena Howell was the lawful wife of George Phillips, and that Willie Howell, the appellee here, is her son and lawful heir to the lands in question.

The record discloses that George Phillips was a thrifty

colored man who accumulated considerable property in Florida and Georgia; that he at different times lived and cohabited with both Rena Howell and Lenora T. Phillips and other colored women, any one of whom might have been termed his common law wife; but the testimony affecting a legal marriage between the said George Phillips and Lenora T. Phillips has been examined carefully and found to be entirely contradictory and out of harmony, and it is on this testimony that the case turns.

The master who took the testimony found against the appellant. This finding was approved by the chancellor, and it does not clearly appear that he erred in his conclusions. Whidden V. Rogers, 78 Fla. 93, 82 South. Rep. 611; Boyd v. Gosser, 78 Fla. 64, text 70, 82 South. Rep. 758; Bandlin v. Hunter Co. 70 Fla. 514, 70 South. Rep. 553; Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97.

The decree of the chancellor is therefore affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.