W. H. GALLOWAY, *et ux.*, v. G. B. TOMPKINS.

160 So. 679.

Opinion Filed April 9, 1935.

*A. M. Roland,* for Appellants;

No appearance for Appellee.

ELLIS, P. J.—This is an appeal from a decree of fore-closure of a mortgage executed by W. H. Galloway and his wife upon ten acres of land in Sumter County in favor of G. B. Tompkins of the same county to secure the payment of a promissory note executed by Galloway and wife to Tompkins for the sum of fifteen hundred dollars payable in March, 1929, one year after its date.

The ten acres of land constitutes part of a tract of two hundred and forty acres, which in October, 1925, G. B. Tompkins and wife agreed to sell to J. L. Galloway of Miami, Florida, for the sum of Twelve Thousand Dollars and the assumption of two mortgages, one of Seven Hundred and Fifty Dollars to N. H. Wells, and another in favor of H. E. Wells for the sum of Eight Hundred Dollars. The two hundred and forty acres of land lie in Sections Three and Four of Township 21 South, Range 23 East. The mortgage to N. H. Wells covered the land in Section Three and that to H. E. Wells, the land in Section Four.

In March, 1928, G. B. Tompkins and wife conveyed to W. H. Galloway the ten acres of land in Section Four covered by the mortgage executed by Galloway and wife the same day to G. B. Tompkins.

In September, 1933, Tompkins began a suit in the Circuit Court for Sumter County to enforce the mortgage.

The defense interposed by Galloway and his wife separately was that the mortgage was without consideration; that the note was executed for accommodation of H. C. Tompkins, a brother of G. B. Tompkins; that H. C. Tompkins was the person to whom the note and mortgage were delivered and that G. B. Tompkins never had possession of them. The Chancellor found the facts in the case in favor

of the complainant and entered his decree for the relief prayed.

The testimony in the case is somewhat conflicting and not clear in support of the appellants' defense. Counsel for appellants admits in his brief that the "case hinges upon the weight and sufficiency of the testimony and the questions of law which are sustained by the facts alleged and proved by the testimony."

Whatever conclusion the members of this Court might have reached had they heard the witnesses and examined the documents offered in evidence is not of importance here, as it is their duty to affirm the Chancellor's findings of fact unless the record discloses that such findings were clearly erroneous, or substantial error was committed by the Chancellor in his conclusions.

That rule has been observed by this Court in very many cases, some of which are: Fulton v. Clewiston Limited, 100 Fla. 257, 129 South. Rep. 773; Hogeboom v. Anderson, 70 Fla. 393, 70 Sou. Rep. 312; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147; Phillips v. Howell, 88 Fla. 280, 102 South. Rep. 157; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216, 1 A. L. R. 25; Turnipseed v. Brown, 102 Fla. 542, 136 South. Rep. 343; Lewter v. Price, 25 Fla. 574, 6 South. Rep. 439; D'Esterre v. Trust Co. of Georgia, 103 Fla. 1078, 139 South. Rep. 145.

From an examination of the evidence we are unable to say that the Chancellor erred in his conclusions.

So the decree is affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.