MATHEWS, Justice.
The appellant (plaintiff) filed a bill of complaint “to rescind, cancel and set aside an alleged bill of sale and purchase agreement” and alleged various acts on the part of the appellee (defendant) which he claimed constituted fraud.
After a full hearing before the Master, much testimony was 'taken with reference to the allegations of fraud. The Master found from the evidence and the pleadings that there was no fraud in the inducement of the contract. The Master stated:
“I find no element of bad faith on the part of either the plaintiff or the defendant.
“The plaintiff admitted on cross-examination that his business was closed because he was unable to get a clearance from the inspector for the Department of Public Health. But he was unable to establish that the objections of the inspector were traceable to any default on the part of the seller.”
Exceptions were filed to the Master’s Report which were overruled and the findings and recommendations of the Master were “ratified, approved and confirmed” by the Chancellor. In the final decree the Chancellor stated:
“It Is Further Ordered, Adjudged and Decreed, that the Master’s findings of lack of fraud in the inducement of the contract involved in this cause is supported by substantial evidence in the record, and absent the existence of such fraud, I find that the Master has conceived and correctly applied the correct rules of law and that no error is found in the other findings of fact contained in the Master’s report.”
This record discloses that the parties entered into an agreement for the purchase of certain personal property to be used in a business which also involved a lease of some real estate and an option for an additional lease. Such matters were somewhat complicated and involved legal questions not necessary to discuss here. The parties, dealing in good faith with one another, attempted to prepare the necessary documents without the aid or assistance of counsel or legal advisers. The appellant was put in possession of the personal property and also the real estate involved in the lease. The venture did not turn out as he expected and when he got in trouble with the health authorities, he became very much dissatisfied and this suit resulted. A Master, who heard the testimony, filed his report con *916 taining- findings of fact and conclusions of law. The report of the Special Master has been approved in every respect. We have carefully considered the entire record and all assignments of error and such assignments of • error are without merit. Croom v. Ocala Plumbing & Electric Co., 62 Fla. 460, 57 So. 243; McAdow v. Smith, 127 Fla. 29, 172 So. 448; Harmon v. Harmon, Fla., 40 So.2d 209; and Florida National Bank & Trust Co. v. Brown, Fla., 47 So.2d 748.
Affirmed.
HOBSON, C. J., and SEBRING and TERRELL, JJ., concur.