ROBERTS, Justice.
This is an appeal from a final order dismissing plaintiff-appellant’s suit to foreclose a mechanic’s lien against property *223 owned by the defendant-appellee and improved by plaintiff allegedly “at the request of Miami Lawn Sprinkler Co., Inc., the Contractor and defendant Samuel Lesser’s agent.” Upon motion of the defendant that the complaint be dismissed for failure “to state a claim upon which relief can be granted,” the lower court entered an order finding that “the Plaintiff had not contracted with the Defendant owner of the property, and * * * the Plaintiff had not served the Defendant with a Notice of Intention to Claim a Lien, as required by law, * * * ” and dismissing plaintiff’s complaint. Plaintiff has appealed.
No contention is made here by plaintiff that he was, in fact, in privity with the owner, either directly or indirectly; and the principal issue here is whether his failure to file with the owner a notice of intention to claim a lien, as provided for by Sec. 84.04(1), Fla.Stat.19S5, F.S.A., bars his suit to foreclose his Claim of Lien.
It has long been settled that a subcontractor has a valid and enforceable lien against the improved premises to the extent of, or for his proportionate part of, the unpaid balance of the contract price, even though he did not file the cautionary notice. Investors Syndicate v. Henderson, 148 Fla. 696, 6 So.2d 629. Nor will the failure to file the cautionary notice bar subcontractors from enforcing their liens “in a sum up to that portion of the contract price which was not ‘properly paid’ under the Mechanics’ Lien Law.” All State Pipe Supply Co. v. McNair, Fla.1956, 89 So.2d 774, 776.
Since the right of the subcontractor to enforce his lien in this situation must, however, depend upon there being either an unpaid balance of the contract price in the owner’s hands or, if not, on the fact that payments were “improperly made” by the owner to the contractor, it would appear that in order to state a cause of action against the owner appropriate allegations to this effect should be made. See Flamingo Apartments, Inc., v. Paintrite Co., Inc., Fla.1950, 48 So.2d 523, holding that where the complaint failed to show that any amounts were due on the general contract by the owner to the general contractor, the complaint of a subcontractor not in privity with the owner should have been dismissed.
No such allegations having been made by plaintiff, it was not error to dismiss his complaint and the order appealed from is affirmed without prejudice to the right of the plaintiff to amend his complaint, if he be so advised.
Affirmed without prejudice.
TERRELL, C. J., and THOMAS,, THORNAL and O’CONNELL, JJ., concur.