ALLEN, Acting Chief Judge.
This is an appeal from a final decree, dated March 2, 1956, entered in a chancery action for divorce by Mittie Lee Bouton against Walter Thomas Bouton. The decree granted plaintiff a divorce and disposed of the parties’ property in accordance with the recommendations of the general master, appointed by the chancellor to take testimony and make such recommendations. Defendant appeals, the p rties being referred to herein as they stood before the trial court.
The complaint charged mental cruelty consisting, generally, of nagging, jealousy and false accusations of immoral conduct, and in addition alleged that certain real and personal property of plaintiff was either improperly in the joint names of the parties or wrongfully possessed by defendant. There was also a counterclaim by the defendant. The general master, in his report, found that the plaintiff had proved the material allegations of her complaint, and that the defendant had not proved the allegations of his counterclaim. The master’s report then recommended that a divorce be granted to the plaintiff; that plaintiff be held the owner of a certain hotel, subject to a $4,-105.05 lien in favor of the defendant; that *681 the parties be held each to have an undivided half interest in the proceeds from sales of certain other real property; that the plaintiff be held the owner of a certain Cadillac car; and that defendant be required to pay $1,500 attorney’s fee for plaintiff, plus costs.
Exceptions to the master’s report were filed by both the plaintiff and the defendant. The chancellor overruled all the exceptions by both parties, except one by defendant relating to attorney’s fees. That exception the chancellor partially sustained and partially overruled, holding that $1,500 was a reasonable attorney’s fee, but that one-half of such fee should be paid by each party.
It appears to the court that this appeal involves, primarily, the sufficiency of the testimony to sustain the lower court in granting the divorce and in determining the property rights of the parties as was done by the final decree. Approximately 700 pages of testimony were taken before the master, who recommended that the plaintiff be given a divorce and in addition, made recommendations which the lower court followed in determining the property rights of the parties.
The Supreme Court of Florida has repeatedly held that findings of a master based on substantial evidence and confirmed by the chancellor will not be set aside in the absence of a clear showing of error. Croom v. Ocala Plumbing & Electric Co., 1911, 62 Fla. 460, 57 So. 243; Florida National Bank & Trust Co. of Miami v. Brown, Fla.1949, 47 So.2d 748; Yarnelle v. Kollar, Fla. 1953, 62 So.2d 915.
We have examined the record and the briefs of counsel in this cause and heard the oral arguments at the bar of this court. It is apparent to the court that the master based his findings upon substantial, though conflicting, evidence, and that these findings w&re confirmed by the chancellor. Defendant has failed to make the “clear showing of error” required by the rule, above stated.
Defendant having shown no reversible error in the record, we therefore conclude that the decree appealed from should be affirmed.
Affirmed.
THORNAL, CAMPBELL, and PAT-TISHALL, W. A., Associate Judges, concur.