PER CURIAM.
Defendant Ward, owner of real property involved, seeks review of a final decree entered in two cases which were consolidated in the trial court. These cases involved the foreclosure of mechanics’ and materialmen’s liens. The general contractor, Riviera Builders, Inc., and the owner were named as defendants. The owner cross-claimed against the general contractor and against the surety on the bond of the general contractor. The chancellor dismissed the cross-defendant Pan American Surety Company and found, inter alia, that the materialmen and laborers had liens against the property involved. Claims by the owner for damages for loss of rental, attorney’s fees and damages to the building were disallowed. The chancellor, in the final decree, stated the facts substantially as follows:
*397 “Mrs. Ward (the owner) entered into a contract with Riviera Builders, Inc. (the general contractor) for the construction of a multi-unit apartment building in the City of Miami on or about June 7, 1956. The construction contract included by reference the plans and specifications of the architect. All pages of the plans were meticulously initialed by the parties, and the contractor took one set to the City Building Department for approval. Approval was given and work commenced. The contract price was $28,607.93. The contractor let his subcontracts for labor and materials. Work progressed until differences arose between the contractor and the owner which resulted in the contractor leaving the job on or about November 5, 1956. There is direct conflict whether the contractor abandoned the job or was forced off by Mrs. Ward. The owner ¡had paid the contractor the sum of :$21,599.34, on the contract price, leaving a balance of $7,008.59, which the ■owner retained. The building, of •course, had not been completed.
“The owner then contracted with a Mr. William Weed to complete the building for a sum of $3,893.00. His -testimony as to Mrs. Ward’s damages, however, was very indefinite and so speculative that this Court cannot say that it preponderated in her favor.
“The question of supplying and in•stalling certain aplances [sic] is resolved by the testimony as follows: 'The contractor is responsible for installing and supplying the air conditioners, which was not done by him. This item amounted to $1,000.00. The Court concludes that it was the intention of the parties that the owner furnish the other disputed appliances.
“It is the opinion of the Court that the various lienors (sub-contractors and materialmen) have substantially complied with the Mechanic’s Lien Act in that the owner was always aware of their status, and entered into separate contracts with some of the lienors, either after the contractor left the job or at about the time he left.”
Appellant has filed 21 assignments of error which are the basis of the six points raised in her brief. The first three points all concern the alleged failure of the appel-lees to file cautionary notices as required by § 84.04, Fla.Stat, F.S.A.[1] In point four, the appellant contends the court erred in not allowing substantial damages based upon the evidence presented. In point five, appellant contends the court erred in failing to allow attorney’s fees for the owner, and by point six, contends the court erred in dismissing the cross-claim brought against the surety.
By cross-assignment, the appellee Riviera Builders, Inc., contends that the court erred in not awarding to it as the contractor the balance in the owner’s hands after deducting all proven claims against the funds.
Concerning the necessity of filing a cautionary notice by the materialmen and laborers," the law appears to be settled that the failure of a sub-contractor claiming a lien to give a cautionary notice does not in itself bar him from claiming and enforcing a lien for the proper amount. See Investors’ Syndicate v. Henderson, 148 Fla. 696, 6 So.2d 629; Curtis v. McCardel, Fla. 1953, 63 So.2d 60; Shaw v. Del-Mar Cabinet Co., Fla.1953, 63 So.2d 264; All State Pipe Supply Co. v. McNair, Fla.1956, 89 So. 2d 774; Roberts v. Lesser, Fla.1957, 96 So. 2d 222; Stone Arts, Inc. v. Dwyer, Fla. App.1958, 99 So.2d 880. And see 22 Fla. Jur., Mechanic’s Liens, § 19.
*398 In Foley Lumber Company v. Koester, Fla.1953, 61 So.2d 634, 637, the Supreme Court said:
“Although a materialman’s lien may be valid without the necessary compliance with Section 84.04, Florida Statutes 1951, F.S.A., where there is a valid contract in existence between the contractor and the owner, the materialman will be allowed to recover from the owner only to the extent that there is remaining with the owner money unpaid to the contractor.”
Although the appellees did not file cautionary notices as provided for in § 84.04, supra, they had in all cases filed their claims of lien in accordance with the provisions of-§ 84.14, Fla.Stat., F.S.A.; however, it appears that the appellant owner did not request or receive a sworn statement from the contractor as provided for in § 84.04(3), Fla.Stat., F.S.A. On this appeal, it will not be necessary to discuss the effect of the owner’s failure to secure a sworn statement from the contractor since the chancellor in his findings of fact determined that the balance of the contract ($7,008.59) was retained by the owner, which amount exceeded the aggregate amount of the liens.
Although the appellant has'not questioned the sufficiency of the evidence to support the chancellor’s findings, we nevertheless feel that it is inherent in her first four points. It is well established that the findings of fact by a chancellor on testimony taken before him have the same weight as the verdict of a jury, and this court will not substitute its judgment for that of the chancellor where the evidence does not clearly disclose error in his findings. See Galloway v. Tompkins, 119 Fla. 689, 160 So. 679; Anderson v. Sandquist Const. Company, 131 Fla. 555, 180 So. 372; Port St. Joe Dock & Term. R. Company v. Maddox, 140 Fla. 110, 191 So. 775; Larkin v. Tsavaris, Fla.1956, 85 So.2d 731; Bouton v. Bouton, Fla.App.1958, 103 So.2d 680; and 2 Fla.Jur., Appeals, § 347.
The appellant’s remaining contentions, as well as those of appellee Riviera Builders, Inc., have been duly considered and found to be without merit.
Accordingly, the decree appealed from is affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJT., concur.

. “(1) (a) Excepting a person contracting directly with the owner and excepting a laborer by whomever employed, any lienor, or any prospective lienor may, before beginning, or within thirty days after beginning but not later than the day of completing Ms labor or services or his furnishing of materials, give to the owner a written notice of intention to claim a lien, hereinafter called a ‘notice.’ * * ”