HENSLEY, ROBERT E., Associate Judge.
This is an appeal from a final decree foreclosing mechanics’ liens of the appellees Bald Eagle Construction Co., Inc., Robert L. Clark Corporation and McLaughlin Engineering Company and ordering the respective amounts found due them to be paid out of funds on deposit in the cause, which funds had been deposited by appellant owners under F.S. Section 84.24, F.S.A.
Appellants Harry Fichtenbaum and Fred Goldsmith, together with their wives, were the owners of a platted subdivision known as “Bel Ter”, containing 57 platted lots. They entered into an agreement with one J. E. Burns for the filling of the lots to certain specifications and the construction of the roads. This agreement was entitled “Agreement for Deed” and contained the agreement of the contractor Burns to fill, build roads, the procurement of fill from the canals, supervision of construction, time of performance, and other provisions which are necessary to an ordinary construction contract between owners and contractor. It also had the following provision:
“Upon the contractor completing the filling of the property and installing the roads as aforesaid to F.H.A. requirements and to Broward County requirements and upon the bond which has been placed with the County of Bro-ward for the installation of the said roads being released, and upon his showing evidence that all of said work has been completely paid for and that the same is free of liens, and in full consideration for the service, materials and labor performed under the terms of this contract, he shall then have conveyed to him forthwith by the owners of the following described lots, namely to wit: Lots 1 to 12 inclusive of Bel Ter. The said conveyance shall convey good and marketable title to the contractor, free and clear of all encumbrances and liens of any kind or nature.”
Burns began construction under the contract and subcontracted part of the work to appellees Bald Eagle Construction Company, Inc., and Robert L. Clark Corporation. The owners directly employed McLaughlin Engineering Company to supervise a part of the work. Burns completed only a part of the work and then absconded, leaving the canals overdredged, with resulting damage to adjacent lots, and certain sums unpaid to subcontractors Bald Eagle Construction Company, Inc., and Robert L. Clark Corporation. The owners employed another contractor to finish the work and repair the damage at a cost which they claimed to be in excess of the original contract price. Appellees Bald Eagle Construction Company, Inc., and Robert L. Clark Corporation did no work after Burns abandoned his contract. Appellee McLaughlin Engineering Company continued on after the new contractor took over the work. Appellees, not having their work paid for, filed liens against the entire subdivision. Bald Eagle and Clark filed suits to foreclose their liens as person contracting directly with the owner, alleging that Burns was the agent of the owners in the construction. This was denied by the owners who then moved to join McLaughlin Engineering Company as a party. This motion was granted and the owners then claimed damages against McLaughlin for their failure to properly supervise the construction, with resulting damages. McLaughlin denied that they were *515 employed to supervise the canal dredging and sought to enforce their lien for sums due.
Upon trial of the cause appellees Clark and Bald Eagle produced testimony of an oral agreement with Burns for their work, the doing of the work and the sums due thereon. Appellee McLaughlin produced testimony of his agreement with the owners, the value of his service and the sum remaining due thereon. The owners produced testimony, among other things, of their agreement with Burns, their agreement with McLaughlin and of the alleged breach of contract by McLaughlin.
The Court in its decree found that appellees Clark and Bald Eagle had no direct contract with the owners but were entitled to liens for the full amount of their ■claims against the land on the theory that the contract between the owners and Burns was a contract for the sale of property which required, as a part of the consideration therefor, that the land be improved, basing its decision on the case of Tremont Company v. Paasche, Fla., 81 So.2d 489. With this we cannot agree. The contract in question, although entitled an “Agreement for Deed”, was clearly an agreement between the owners of the land and Burns, as a contractor, for the construction of the improvements. Its only variation from an ordinary construction contract between an owner and contractor was in the language heretofore cited. We hold that this part of the contract was only the consideration to he paid for the work done, and, as such, formed only the basis for a determination of the “contract price” under the Mechanics’ Lien Law. The appellees Clark and Bald Eagle failed to prove any direct contract with the owners and failed to allege or prove that there was any unpaid balance of the contract price. This they were required to do in order to prevail. Flamingo Apartments, Inc., v. Paintrite Co., Inc., Fla., 48 So.2d 523; Roberts, d/b/a Roberts Engineering v. Lesser, Fla., 96 So.2d 222. After appellees had rested their case in the lower Court, the appellants moved to dismiss. This motion should have been granted as to appellees Clark and Bald Eagle.
As to the decree in reference to appellee McLaughlin, we find no error. He contracted directly with the owner. The owners’ sole defense against him was their affirmative defense that he had breached his contract. This part of the decree was a finding made upon disputed testimony. From the testimony and the exhibits we find substantial proof to support the conclusion which the Court reached.
The Final Decree appealed from is therefore affirmed in part and reversed in part.
ALLEN, C. J., and SHANNON, J., concur.