THOMAS, Justice.
In determining this controversy we are obliged _ to consider and interpret in the light of the facts, the provisions of the Mechanic’s Lien Law, F.S.A. § 84.01 et seq., for cautionary notices, affidavits to be furnished by general contractors at the conclusion of work, and final payments.
A contractor undertook to construct a motel for the appellants for the sum of $26,-000. Their agreement was reduced to writing. The total cost appeared in the instrument, but the spaces intended for insertion of dates and amounts of periodic payments were left blank. Appended to the instrument was a paper titled “Construction Draft Schedule,” listing various items of construction, and on the left of each appeared the cost of labor; on the right, the cost of material. The first of these we copy in order to give some idea of the composition:
“Labor Materials
200 Footings complete 300.”
The total under the first column was “6600,” and under the second, “17,450.” These were then added, and to the sum of “$24,-050,” was also added “1,950,” designated “Balance upon completion,” giving the figure “26,000.00,” which was Vne cost mentioned in the contract. It will be noted that no dollar marks were used with the numerals.
All these details are important in the determination of the amount that was the true “final payment” under the contract as contemplated in such matters by the relevant statute. The appellants insist, first, that the figure “1950” simply represented the profit, being the remainder of the purchase price after deducting the total costs of labor and materials, and second, that even if this were the final payment contemplated in the lien law the owner could have disbursed it, without obtaining an affidavit from the general contractor, *61 inasmuch as no cautionary notices had been given by appellees.
The second contention we now decide in appellees’ favor in view of our opinion directly on the point in Shaw v. Del-Mar Cabinet Co., Inc., Fla., 63 So.2d 264. In that case no affidavit was demanded by the owners or given by the contractor; no cautionary notices were served by the subcontractor and materialmen, yet the court held that the owners did not “properly” make the final payment when they failed to secure the affidavit and that they were responsible to the subcontractor and materialmen to the amount of the final payment, despite the lack of cautionary notices.
The nature of the sum of $1950, which is determined by subtracting the totals of the “Labor” and “Materials” columns ■from the cost of the building, is more difficult to decide. The parties paid no attention whatever to this schedule as varying amounts were paid to the contractor at irregular intervals, until at the time ap-pellees’ liens were filed, only $414 remained unpaid.
The contract itself, is confusing because in the form that was used spaces were provided in a paragraph with the caption “Progress Payments” for insertion of dates when the contractor would be paid certain percentages as the work proceeded. These blanks the parties ignored, yet at the end of the paragraph was the stipulation “Payment for various items of construction to be made as each item is completed in accordance with the construction draft schedule here attached.”
The conclusion we reach coincides with the chancellor’s. The part of the contract dealing with payment on the basis of a proportion of the work done between fixed monthly periods was not complete, so the only provision for compensation to the contractor was payment for labor and materials as each item in the schedule was finished. Had this system been followed there would have been due the contractor $1950, which may have constituted his profit as appellant contends, but from the only intelligible portion of the agreement with reference to this feature of the transaction, it was the final payment. Under the decision we have cited that amount was applicable to the liens in the absence of a proper affidavit, even though cautionary notices were not given. This point, too, we decide in appellees’ favor.
The final question involved was the nature of the last work performed, it being appellants’ position that it was so trivial as not to have extended the time for the posting of the notice of lien. From our study of the record we are not convinced we should disturb the chancellor’s ruling that the work last done was not so inconsequential that the date it was performed could not be used as a starting point for computing the period within which the liens were required to be filed.
The decree is affirmed.
HOBSON, C. J., and TERRELL, SE-BRING, MATHEWS and DREW, JJ., concur.
ROBERTS, J., dissents.