ROBERTS, Chief Justice.
This is an appeal from a summary “judgment” in favor of defendant-appellees entered in a suit filed in the court below by the plaintiff-appellant to foreclose a ma-terialman’s lien against the property of the defendant-appellees. The facts are as follows:
The defendants employed one Hubbard to install glass jalousie windows and a jalousied door on a screen porch of a summer cottage owned by them. The jalousies and door were sold to Hubbard by the plaintiff on open account. The defendants paid Hubbard $100 down and $562 at the time the job was completed. They did not request of Hubbard the “statement under oath * * * that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due' each for labor or services-performed or materials furnished * * * ”, as required by Section 84.04(3), Florida Statutes 1953, F.S.A., prior to making the final payment. The plaintiff filed no cautionary notice of intention to claim a lien during the progress of the work, but did file its Claim of Lien within three months of the time when the work was completed.
The sole question here is whether the failure of the defendants to secure from Hubbard the statement under oath, referred to above, makes them liable, to the extent of the final payment of $562 noted above, for the full amount of the plaintiff’s lien.
It is true, as contended by the plaintiff, that this court has held that “the sworn statement required by Section 84.04 (3), supra, is for the protection of the subcontractors and materialman, as well as the owner, and that the owner may not waive it without subjecting the final payment to being ‘improperly made’ under the statute.” Shaw v. Del-Mar Cabinet Co., Fla.1953, 63 So.2d 264, 267. See also Curtis v. McCardel, Fla.1953, 63 So.2d 60, 61. But in those cases we were concerned with a written contract between an owner and a general contractor, in the true sense of the word," under such circumstances that it must be assumed that the owner knew that the general contractor carried out his contract through the employment of subcontractors and materialmen. That is not the case here. The lower court found that the defendants “had no knowledge of the origin of said jalousies or of the relations between said Hubbard and plaintiff, that the plaintiff never gave to defendants the notice required by Section 84.04, Flori *268 da Statutes, and that the plaintiff so conducted itself in said transaction as to allow the' defendants to infer and act upon the inference that said jalousies were the property of the said Floyd Hubbard * * * and that the equities were with the defendants. We' think that this was an eminently just conclusion.
So far -as the record shows, there was nothing to put the defendants on notice that - Hubbard did not have the jalousies on hand as his own and subject to sale on open account but would have to purchase them .from a materialman. .How, then, could the defendants be expected to protect the rights of materialmen when they had no-reason to believe there were any? It must be remembered that a ma-terialman or subcontractor, who is in the business of furnishing materials and labor, is in a much better position to know the requirements of the mechanics’ lien law' than is the ordinary home owner. The statute provides a way for the material-man to make sure that the owner will hold back enough money from the contractor to cover the price of the materials furnished by him to the contractor; . this he can do by the simple expedient of giving the owner a notice, of intention to claim a lien, as provided by, Section 84.04(1), Florida Statutes 1953, F.S.A. And .where, as here, the owner has no reason to believe that there may be materialmen who have supplied materials to the improvement, and has no cautionary notice from such ma-terialmen, it would, in our opinion, be inequitable to charge the owner again for the materials for which he has, in good faith, made payment to the person with whom he has a direct contract. The plaintiff has come into equity to foreclose his lien for materials; the lower court found that the equities were with the defendants, and we agree.
For the reasons stated, the decree appealed from should be and it is hereby
Affirmed.
TERRELL, SEBRING and MATHEWS, JJ., concur.