89 So.2d 774 (1956)
ALL STATE PIPE SUPPLY COMPANY, Inc., a corporation, Petitioner,
v.
Daniel McNAIR and Vera Lee McNair, his wife, Respondents.
Supreme Court of Florida. En Banc.
September 12, 1956.
Rehearing Denied October 25, 1956.
*775 Philip Selber, Jacksonville, for petitioner.
Warren E. Thomas, Jacksonville, for respondents.
O'CONNELL, Justice.
This is a petition for writ of certiorari to review an interlocutory order of the trial court rendered in a proceeding to foreclose a mechanic's lien.
The petitioner was plaintiff and the respondents were defendants in the court below and will be referred to in this opinion as they stood in the court below.
Defendants, as owners, contracted with W.S. Harris to improve their property by installing a 3-piece bathroom set; a hot water heater and to wire the house for same; install a kitchen sink; seal the bathroom with sheet rock and tile up to the windows. Harris purchased from plaintiff materials for the work in an amount alleged to be $664.45. On completion of the work the defendants paid Harris in full for the work, but did not demand or receive an affidavit as provided in Sec. 84.04(3), F.S.A. Plaintiff did not file a cautionary notice as provided in Sec. 84.04 (1), F.S.A., but filed its claim of lien as provided in Sec. 84.14, F.S.A.
Plaintiff filed suit to foreclose its lien and defendants filed an answer in which they alleged as defenses that (1) they were without knowledge that any money was due the plaintiff at the time they made final payment; (2) plaintiff did not serve a cautionary notice as provided in Sec. 84.04 (1), F.S.A.; and (3) the first knowledge they had that Harris had purchased materials from and was indebted to plaintiff was when they were served with a copy of claim of lien by plaintiff.
Plaintiff moved to strike the above mentioned portions of the answer and other portions thereof. The motion was denied as to the above mentioned portions of the answer. It is the order denying the motion to strike which is before us for review. We must agree with petitioner-plaintiff that it was error for the court to refuse to strike these allegations.
There is nothing to be gained in condemning or applauding the Mechanics' Lien Law for it is the law of this State. Admittedly it is harsh in many respects, as applied to an owner, and no one improving property can ignore its provisions without coming to grief.
However, an owner who improves his property can protect himself, at least in part, by demanding that the contractor make the sworn statement provided for in Sec. 84.04(3), F.S.A. before he makes the final payment. An owner is not required to demand such sworn statement before making final payment, but if he does not do so he subjects himself to the possible consequences of having to pay twice for at least a portion of the improvements.
Likewise anyone not dealing directly with the owner, excepting a laborer by whomever employed, is given the opportunity of protecting himself by furnishing the cautionary notice provided in Sec. 84.04(1), F.S.A. but he is not required to give same. However if he does not do so he loses the benefit of his priority of position as provided in Sec. 84.06, F.S.A. and he may limit his recovery to a pro rata share of the sums due by the owner on final payment. He may run various risks, including the risk of the contractor making, and the owner relying in good faith on, a false sworn statement in which the contractor shows no sums due to any materialman or subcontractor. See Sec. 84.05(12). It is not understandable why prospective lienors, materialmen in particular, do not avail *776 themselves of the protection of this cautionary notice. It would be of great benefit to themselves and owners if they would do so.
The failure of the materialman, and others similarly classified under the statute, to give the cautionary notice does not relieve the owner of the consequences of his failure to demand and receive the sworn statement from the contractor, when the owner makes final payment. When the owner does not obtain such statement on making final payment, the final payment is not "properly paid" as that term is defined in the Mechanics' Lien Law. Shaw v. Del-Mar Cabinet Co., Fla., 63 So.2d 264; and Curtis v. McCardel, Fla., 63 So.2d 60.
In Southern Supply Distributors v. Lansdell, 76 So.2d 266, 268, this Court said and held that "* * * where, * * * the owner has no reason to believe that there may be materialmen who have supplied materials to the improvement, and has no cautionary notice from such materialmen, it would, in our opinion, be inequitable to charge the owner again for the materials for which he has, in good faith, made payment to the person with whom he has a direct contract." We do now recede from that holding, and from so much of our opinion in that case as is in conflict with this opinion.
We do not intend to say that there can not be circumstances where one, not in privity with the owner, can by his conduct estop himself from claiming against an owner because of the owner's failure to obtain a sworn statement from the contractor on final payment, but we do hold that the failure of one to file the cautionary notice under Sec. 84.04(1), F.S.A. and/or lack of knowledge by the owner of the fact that a person has furnished labor, services or materials to the contractor, does not, in itself, bar such person from claiming and enforcing a lien in a sum up to that portion of the contract price which was not "properly paid" under the Mechanics' Lien Law.
The allegations of the answer sought to be stricken assert no wrongdoing which would constitute an estoppel against the plaintiff, and do not constitute a defense to the allegations of the complaint.
The petition for certiorari is granted and the order attached is quashed with directions for further proceedings consistent with this opinion.
DREW, C.J., and THOMAS, HOBSON and THORNAL, JJ., concur.
TERRELL and ROBERTS, JJ., dissent.
ROBERTS, Justice (dissenting).
I dissent on the authority of Southern Supply Distributors, Inc., v. Landell, Fla. 1954, 76 So.2d 266.