ROBERTS, Justice.
In a suit by a subcontractor to foreclose a materialman’s lien under Ch. 84, Fla.Stat. 1955, F.S.A., against the owner’s property, the lower court held that an initial payment, a progress payment and a portion of the final payment made by the owner to the general contractor under the direct contract were “properly paid” so that the plaintiff was entitled only to share pro rata with other lienors the amount ($2,400) remaining due and unpaid under the contract. The plaintiff has appealed.
As to the initial and progress payments, plaintiff relies on the provisions of Ch. 28243, Acts of 1953, appearing as Sec. 84.05 (11) (a), Fla.Stat.1955, F.S.A., in support of its contention that such payments were improper. Since this Act was held to be void and of no effect in Greenblatt v. Goldin, Fla., 94 So.2d 355, its contention in this respect cannot be sustained.
As to whether the portion of the final payment here in question was “properly paid,” the facts are as follows: The contract price was $11,000 for a completed job, the contract calling for an initial payment of 10 percent, a progress payment of 40 percent, and the remaining 50 percent, or $5,500, upon final inspection. At various times prior to the completion of the job the owner paid the contractor all except $2,400 of the contract price and did not obtain from the contractor a statement under oath that all lienors had been paid, as required by Sec. 84.04(3), Fla.Stat.1955, F.S.A. The question here is whether the plaintiff and other unpaid lienors have a right to have their liens discharged, pro rata, to the extent of the contract price remaining in the owner’s hands ($2,400) or to the extent of the final payment specified in the contract ($5,500).
Since the decisions of this court in Shaw v. Del-Mar Cabinet Co., Inc., Fla. 1953, 63 So.2d 264, and Curtis v. McCardel, Fla.1953, 63 So.2d 60, it is settled that a final payment under a building contract made by the owner to the general contractor without first securing the sworn statement from the contractor required by Sec. 84.04(3), supra, is not “properly paid” as the term is defined in Sec. 84.05, Fla.Stat. 1955, F.S.A., and that the owner is responsible to the general contractor’s unpaid subcontractors and materialmen to the amount of such final payment even though no cautionary notices were filed by them. The clear import of such decisions is that the true “final payment" as contemplated by the statute is that specified in the contract. See Curtis v. McCardel, supra, 63 So.2d 60.
Accordingly, it must be held under the authority of the above-cited decisions that the plaintiff and other unpaid lienors have a right to a lien for their pro rata *519 share of the amount specified in the contract as the final payment, to wit, $5,500.
The decree is affirmed in part and reversed in part and the cause remanded for the entry of a decree not inconsistent with the opinions herein expressed.
TERRELL, C. J., and THOMAS, HOB-SON, DREW, THORNAL and O’CON-NELL, JJ., concur.