ALLEN, Acting Chief Judge.
This is an appeal from two orders, dated July 31, 1956 and August 14, 1956, granting two motions to dismiss a complaint in chancery to foreclose a mechanic’s lien by Stone Arts, Inc. against Thomas P. Dwyer and wife, Theresa A. Dwyer, and A. G. Stone. Plaintiff appeals, the parties being referred to herein as they stood before the lower court.
The complaint alleged a construction contract between Stone, the contractor, and defendants Dwyer, as owners, to do certain work on the property of the owners, for which the plaintiff furnished materials in the amount of $1,480.
The defendants Dwyer, filed a motion to dismiss the complaint upon the following grounds:
“I.
“That the said complaint fails to state a cause of action upon which relief can be granted in that it does not affirmatively allege and show that *881 the plaintiffs have complied with Section 84.04, Florida Statutes, 1955.
“II.
“That the complaint fails to allege a cause of action in that it fails to show or allege that the general contractor, A. G. Stone, on said job has complied with the provisions of Section 84.04, Florida Statutes, 1955.
“HI.
“That the said complaint shows upon its face and by its allegations that there was no contract or privity between the plaintiffs and the defendants, Thomas P. Dwyer and Theresa A. Dwyer, his wife.”
The First National Bank of Mount Dora was permitted to intervene as a party defendant in the case by reason of being a mortgagee whose lien was affected by the claim of the plaintiff. The intervenor filed a motion to dismiss upon the same grounds as those stated in the motion of defendants Dwyer, above quoted.
An order dismissing the complaint was entered by the Circuit Judge. The primary question involved was whether or not the failure of a sub-contractor to serve a cautionary notice of his intention to file a lien, as provided by Sec. 84.04(1) (a) F.S.A., bars such sub-contractor from charging and enforcing his lien, based on an unpaid claim for materials furnished, against the landowner.
The Supreme Court of Florida, in a case which involved foreclosure of a material-man’s lien against certain home owners, held that where the materialmen never gave the home owners a cautionary notice of intention to claim a lien, and the home owners had no knowledge that jalousies which the contractor had installed belonged to any one other than the contractor, and ■where the materialman so conducted himself as to allow the home owners to infer that the jalousies were property of the contractor, the materialman could not assert a mechanics’ lien against the home owners, even though the home owners had failed to obtain the required sworn statement relating to liens from the contractor prior to final payment. Southern Supply Distributors v. Lansdell, Fla.1954, 76 So.2d 266, 268.
The Chancellor in the Southern Supply case, above, ruled in favor of the defendant-appellees in a summary judgment, holding that the plaintiff had conducted itself in the transaction so as to allow the defendants to infer, and act upon the inference, that the involved jalousies were the property of the contractor. Apparently the decision of the Chancellor was based on estoppel. In the Supreme Court’s decision the following appears:
“ * * * And where, as here, the owner has no reason to believe that there may be materialmen who have supplied materials to the improvement, and has 'no cautionary notice from such materialmen, it would, in our opinion, be inequitable to charge the owner again for the materials for which he has, in good faith, made payment to the person with whom he has a direct contract. * * * ”
In the case of All State Pipe Supply Co. v. McNair, Fla.1956, 89 So.2d 774, 776, the Supreme Court, after quoting the above statement from the Southern Supply case, said:
“We do now recede from that holding, and from so much of our opinion in that case as is in conflict with this opinion.”
The Supreme Court further held in All State Pipe Supply Co. v. McNair, supra, that the failure of a materialman to serve a statutory cautionary notice before furnishing material to a contractor, and the lack of knowledge of the owner, at the time the contractor was paid, of the fact that the materialmen had furnished material to the contractor, did not, in the absence of owner’s securing a statutory statement from contractor that all materialmen *882 had been propérly paid, of itself bar such unpaid materialman from claiming and enforcing his lien against the owner for the unpaid claim.
The Court, in its opinion, commented that an owner who improves his property could protect himself, at l^ast in part, by demanding, before he makes the final payment, that the contractor make the sworn statement provided for in Section 84.04(3) F.S.A.
It should be observed that the orders of the Chancellor, from which this appeal was taken, were entered prior to the decision of the Florida Supreme Court in the case of All State Pipe Supply Co. v. McNair, supra.
The Chancellor was in error in granting the two motions to dismiss, and therefore, the case must be reversed for further proceedings in accordance with this opinion.
Reversed.
THORNAL and BARKER, Associate Justices, concur.