WIGGINTON, Chief Judge.
This appeal is by an owner of real property from a final decree awarding material-man’s liens in favor of certain material-men and subcontractors who furnished materials and labor in the construction of a building erected on the property in question. Since the only issue on appeal involves an interpretation of a provision of the contract pursuant to which the improvements were made, a detailed statement of all the facts is not deemed necessary.
When the appellant-owner entered into the contract for the construction of improvements on the property involved herein, no performance bond was either demanded of nor furnished by the contractor. The contract consisted of a typewritten document entitled “Agreement”, a set of drawings, and a mimeographed pamphlet entitled “Specifications”. The agreement provides that it, together with the drawings and specifications, shall form the entire contract between the parties. The agreement sets forth the contract price of the improvements, and specifies ten different stages of the construction upon completion of which progress payments will be made in an amount not to exceed 80% of the contract price of each estimate The appellee-lienors were only furnished a copy of the specifications on which they, relied in furnishing the materials and performing the work which formed the subject matter of their claims. One paragraph of the general conditions contained in the specifications is as follows:
“24. Payments: (Applications for Payments)
“On or before the fifth day of each month, the Contractor shall submit to the Owner application for payment for work performed during the preceding month. Application shall list Subcontract material and labor accounts completely, and be supported by receipts, vouchers or waivers of lien,' filed with the Owner within 10 days from the receipt of any payment. Failure to submit receipts will be grounds for withholding further payments on the Contract. Title for materials stored on the site must be conveyed to the Owner upon payment for such materials by the Owner. * * * ”
The owner, in making periodic progress payments to the contractor, did not require that each application for payment list subcontract material accounts supported by receipts, vouchers or waivers of lien. The owner did, however, withhold 20% of each progress estimate as required by the Mechanics Lien Law.[1] All such retainage, together with the balance earned by the contractor at the time he failed and abandoned the contract, was available in the hands of the owner for payment on a pro rata basis to the lienors on their respective unpaid claims. The lienors, none of whom had given the cautionary notice as permitted by the Mechanics Lien Law,[2] refused to accept only a part-payment of the amounts due them, but demanded payment in full. Upon refusal of the owner to comply with these demands this suit was instituted.
The chancellor held that all progress payments made by the owner to the contractor subsequent to a certain specified date were improper payments within the purview of Sec. 84.05(8) of the Mechanics Lien Law. The chancellor’s conclusion that payments had been improperly made is based upon his interpretation of the above quoted section of the contract which he held had not been complied with prior to the making of such payments by the owner. Having so concluded, the chancellor held that after deducting from the con *60 tract price the payments properly made to the contractor, there remained sufficient funds on the unpaid contract price with which to pay each of the lienors’ claims in full. The owner was therefore ordered to pay each claim in the full amount allowed by the court, or in default thereof the property be sold to satisfy the liens awarded the lienors and the proceeds applied toward such payments.
Reverting to the provision of the contract on which the chancellor based his conclusion we find it provides that the contractor shall submit to the owner application for payment for work performed during each preceding month. It provides that each application shall list subcontract material and labor accounts completely, and be supported by receipts, vouchers or waivers of lien filed with the owner within ten days from the receipt of any payment. Failure to submit receipts will be grounds for withholding further payments on the contract. It is apparent that the court found and so held that this provision was one for the benefit of third parties such as the materialmen and subcontractors involved in this case, as well as for the benefit of the owner. Implicit in the court’s holding is the conclusion that by the provision of the contract the owner was lawfully precluded from making any payments to the contractor until the requirement set forth therein had been fully complied with.
Our construction of this provision of the contract is not in harmony with the interpretation placed thereon by the chancellor. From a literal reading of the contract provision it is clear to us that it is solely and exclusively for the benefit of the owner. Appellees have cited no authorities in their brief, and our research reveals none, which would support a contrary conclusion. Such a provision was reasonably necessary for the owner’s protection in light of the fact that no performance bond was being required of the contractor. The requirement that each application for progress payment be accompanied by a list of all subcontract materials and labor accounts incurred during the previous month and be supported by receipts, vouchers or waivers of lien, not being required by the Mechanics Lien Law for the protection of materialmen, could at the option of the owner either be insisted upon as a prerequisite for making progress payments, or could be waived by him. This is apparent from that sentence of this section which provides that failure to submit receipts will be grounds for withholding further payments on the contract. Implicit in this provision is the right of the owner to withhold progress payments under the contract unless the stipulated prerequisites have been met, and conversely the right to waive compliance with such-prerequisites and make progress payments if he considers it to be to his interest to do so. Payments so made cannot be considered as violative of the lienors’ rights under the law.[3] The questioned provision of the contract does not preclude the owner from making progress payments upon his election to waive the requirement that the applications therefore be accompanied by paid’ receipts, vouchers or waivers of lien. There is nothing in the record before us which indicates that the owner, either directly or by inference, led the materialmen or subcontractors to believe that no progress payments would be made to the contractor unless each application for payment was accompanied by paid receipts, vouchers or waivers of lien for materials purchased by him and incorporated in the work. The materialmen in this case had no right to rely on the questioned provision of the contract as protection-for payment of the amounts due or to become due them by the contractor.
We therefore hold that the payments made by the owner to the contractor in compliance with Sec. 84.05(11) (a) were proper payments under the contract, even though the requirements of the general provisions of the contract calling for the sub *61 mission of receipts, vouchers and waivers of lien to accompany each application or payment by the contractor were not complied with.
The decree appealed from is reversed with directions that an appropriate decree be entered in accordance with the views expressed herein.
Reversed.
STURGIS, J., and MELVIN, WOODROW M., Associate Judge, concur.

. F.S. Sec. 84.05(11) (a), F.S.A.

. F.S. Sec. 84.04(1), F.S.A.

. All State Supply Co. v. McNair, Fla.1956, 89 So.2d 774.