335 So.2d 352 (1976)
Edward J. CONNOR, Appellant,
v.
Thelma DREYER and Frederick Dreyer, Jr., Appellees.
No. 75-1659.
District Court of Appeal of Florida, Second District.
July 23, 1976.
H. Vance Smith of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
No appearance by appellees.
PER CURIAM.
Plaintiff-appellant Connor appeals from an order granting appellees' motion to dismiss his action to foreclose a mechanic's lien.
Appellant, a general contractor, contracted with appellees for the construction of a residence. The work was commenced on August 25, 1972 and performed until November 3, 1972 when appellees terminated the contract and ordered appellant to cease and desist from further performance of the work. At that point, the job was about 85% completed; and apparently a dispute had arisen concerning the manner in which appellant was performing the contract.
Appellant perfected a claim of lien, claiming approximately $19,350 due under the contract, and this action ensued. Appellees filed a motion to dismiss because of appellant's failure to file a contractor's affidavit five days prior to institution of the suit as required by § 713.06(3)(d)(1), F.S. 1973. Thereafter, appellant demanded arbitration as provided for in the contract, and the action was held in abeyance pending the arbitration. An arbitration award was ultimately entered in favor of appellant in the sum of approximately $10,500, and he returned to the court seeking to foreclose his lien to the extent of the award. At that point, after hearing arguments, the court entered the order appealed from dismissing the action "for failure of the plaintiff to allege the service of the affidavit of the contractor upon the defendant-owners five days prior to the institution of the action, which is a prerequisite to plaintiff's institution of its [sic] suit to enforce a lien pursuant to Florida Statutes § 713.06(3)(d)1."
Section 713.06(3), F.S. 1973, provides in material part as follows:
"(c) When any payment becomes due to the contractor on the direct contract, except the final payment:
1... . The owner may require (and in such event, the contractor shall furnish as a prerequisite to requiring payment to himself) an affidavit as prescribed in paragraph (d)1. of this subsection, on any payment made or to be made on a direct contract;...
* * * * * *

*353 (d) When the final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services or materials furnished under the direct contract while in default by reason of not giving the owner such affidavit. The contractor shall execute said affidavit and deliver it to the owner at least five days before instituting suit as a prerequisite to the institution of any suit to enforce his lien under this chapter." (Italics supplied.)
Appellant contends that an affidavit is required as a condition precedent to suit only, as provided for in the quoted subsection (d)(1), when payment is sought for the final payment due under a direct contract. With respect to any payment due before the final payment, he argues that such an affidavit is required only when requested by the owner as is contemplated by subsection (c)(1), supra. It appearing that this suit was not instituted to recover a final payment, therefore, and the appellees not having yet alleged or shown that they requested such an affidavit with respect to a nonfinal payment, appellant insists it was error to dismiss his complaint. He's correct.[1]
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
McNULTY, C.J., and HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] Cf. Renuart Lumber Yard v. Stearn (Fla. 1957), 95 So.2d 517.