356 So.2d 864 (1978)
Forrest ADAMS, d/b/a Crown of Jacksonville, Appellant,
v.
Edward L. McDONALD and Juanita McDonald, Appellees.
No. GG-370.
District Court of Appeal of Florida, First District.
March 20, 1978.
Rehearing Denied April 18, 1978.
*865 Edward Siegel of Adams, Rothstein & Siegel, Jacksonville, for appellant.
C. Wayne Alford of Jacobs, Sinoff, Edwards, Alford & Burgess, Jacksonville, for appellees.
MASON, ERNEST E. (Circuit Judge, Retired), Associate Judge.
Appellant, Adams, d/b/a Crown of Jacksonville, hereinafter referred to as "Crown", filed this timely appeal for review of an adverse final judgment entered against him in the Circuit Court of Duval County.
The facts are undisputed. Appellees, McDonalds, are the owners of a home in Jacksonville and in July of 1976 they entered into a contract with "Mr. Exteriors" to remove rotted wood from the exterior of their home in Jacksonville and to replace the same with aluminum siding.
"Mr. Exteriors" picked up certain aluminum building products from Crown, a wholesale dealer in such products, on July 30th, August 4th and August 6th, 1976. "Mr. Exteriors" began work on the McDonald house on August 2nd, and completed their project on Friday, August 6th, 1976, at which time the McDonalds paid "Mr. Exteriors" in full.
Crown concedes that at the time full payment was made the McDonalds had no knowledge of Crown, did not know where the aluminum siding came from and did not know that Crown was unpaid.
The McDonalds did not file or record a notice of commencement of work on their premises in connection with the improvements and did not ask for nor receive from "Mr. Exteriors" a contractor's affidavit that all labor and materials had been paid, or listing what persons and lienors were unpaid.
On August 12, 1976, the McDonalds received the statutory "Notice to Owner" from Crown notifying the McDonalds that it had furnished materials to the job. This was the first knowledge that the McDonalds had of the materialman's bill owed by "Mr. Exteriors" to Crown.
On October 20th, 1976, the McDonalds received a copy of Crown's claim of lien, which had been recorded the previous day.
On October 28th, 1976, the McDonalds filed suit praying that Crown's lien against their property be vacated or cancelled. Crown answered and counterclaimed to enforce its lien for materials furnished to the McDonald's home. The McDonalds answered the counterclaim asserting that Crown had no valid lien.
*866 On May 24th, 1977, after trial, final judgment was entered for the McDonalds, holding that Crown's lien was not valid. Hence this appeal.
We reverse, impelled as we are by the express provisions of the Mechanics' Lien Law (F.S. Chapter 713), and prior decisions of the appellate courts of this state interpreting the rights of homeowners and materialmen and laborers furnishing materials or labor in connection with the construction of improvements on real property. In so doing we suggest to the Legislature that it may desire to prevent in the future such harsh results as will occur to these homeowners in this case, by proper amendments to the Mechanics' Lien Law.
The sole point raised by appellant's assignment of errors for discussion by us is whether a materialman's lien is enforceable against the owner of real property where the owner, without knowledge of unpaid materials, pays a contractor in full upon completion of the contract and the owner has fulfilled neither of the following requirements of the lien law, viz: (1) filed a notice of commencement nor (2) obtained a contractor's affidavit, even though the preliminary "Notice to Owner" required of the materialman is not filed after the owner has paid the contractor in full.
We answer in the affirmative. We recognize our obligation not to substitute our judgment for that of the trial court where such judgment is supported by substantial evidence and is based upon a proper view of the applicable law. However, where the judgment is not supported by substantial evidence and is contrary to the law of this state as pronounced by our appellate courts, we have no other alternative but to reverse. Jurney v. Jurney, 110 So.2d 49 (Fla. 3d DCA 1959).
The key to this case is that the appellees' payments to the contractor, "Mr. Exteriors", were improper under the Mechanics' Lien Law. This is true because of their failure to file a notice of commencement and their failure to obtain a contractor's affidavit from the contractor listing any unpaid materialmen or asserting that all such had been paid.
Section 713.13, Florida Statutes (1975) requires an owner before commencing to improve his real property to record a notice of commencement in the Circuit Clerk's office, and to post a certified copy of same, containing a description of the property to be improved, the street address of same, if available (and if not available such information as will describe its physical location), a general description of the improvement, the name and address of the owner, the name and address of the contractor, and certain other information.
Section 713.06(3)(a) provides:
"(a) The owner shall not pay any money on account of a direct contract prior to recording of the notice provided in s. 713.13, and any amount so paid shall be improperly paid... ."
Subsection 713.06(3)(h) provides that when the owner has made improper payments his real property shall be held liable to all laborers, subcontractors and materialmen complying with Chapter 713 to the extent of such improper payments.
Subsection 713.06(3)(d)1 provides that when the final payment under a direct contract becomes due the contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors have been paid in full or, if the fact be otherwise, listing the name of each lienor who has not been paid in full, and the amount due or to become due to any such lienor. This affidavit is a prerequisite to the contractor's lien or right of action against the owner.
Subsection 713.06(3)(d)5 provides that the owner shall retain the last payment due under a contract or ten percent of the original contract price, whichever is larger, and shall not disburse the same until the contractor's affidavit has been delivered to the owner.
These various sections and subsections of the Mechanics' Lien Law have been construed by the several appellate courts of this state and the sum and substance of their holdings is to the effect that an owner *867 pays the contractor at his peril when he does not file the notice of commencement or demand and receive from the contractor the affidavit above referred to. All State Pipe Supply Co. v. McNair, 89 So.2d 774 (Fla. 1956); Stone Arts v. Dwyer, 99 So.2d 880 (Fla. 2d DCA 1958); Daly Aluminum Products, Inc. v. Stockslager, 244 So.2d 528 (Fla. 2d DCA 1970); Bryan v. Owsley Lumber Company, 201 So.2d 246 (Fla. 1st DCA 1967).
Appellees complain that appellant did not give notice to appellees of his claim until after the owners had paid the contractor in full. There are two reasons why this is not a valid argument to defeat appellant's claim. First, there is no evidence in the record that the lienor knew that the job was completed and that the owners were about or ready to pay the contractor. Secondly, under the express provisions of Section 713.06(2)(a), the lienor has forty-five days from the date of his commencing to furnish materials to the contractor to serve upon the owners a notice of his claim, or at least at a time prior to the contractor's giving of his affidavit as to the status of the lienors, if any. As we have noted, no such affidavit was ever given to the owners, although they, at their peril, paid the contractor in full without ascertaining from him that there were no outstanding claims of lien. The notice of claim of lien was given to the owners well within the forty-five day requirement. Thus appellant is not estopped to enforce his lien.
Reversed and remanded for further proceedings in accordance with the views herein expressed.
McCORD, C.J., and BOYER, J., concur.