BOARDMAN, Judge.
The following facts were alleged in the complaint. Appellant/plaintiff general contractor entered into an oral contract on September 17, 1977, with appellees/defend-ants owners to install a cooling system in a residence owned by them. The contract price was $1385 to be paid in two installments. The system was partially completed when on September 23, 1977, appellees unilaterally terminated the contract. No payment had been made to appellant. The value of the labor and material provided by appellant at this point was $500.
Appellant filed a claim of lien for $500 on October 13, 1977, and the complaint was filed on December 12. Appellees’ filed a motion to dismiss based on appellant’s failure to comply with Section 713.06(3)(d)(l), Florida Statutes (1977). Section 713.-06(3)(d)(l) provides:
When the final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services or materials furnished under the direct contract while in default by reason of not giving the owner such affidavit. The contractor shall execute said affidavit and deliver it to the owner at least 5 days before instituting suit as a prerequisite to the institution of any suit to enforce his lien under this chapter.
Appellant did not deliver an affidavit to appellees before instituting this suit. Ap-pellees argue that, therefore, dismissal was proper. We do not agree.
This requirement is clearly applicable only to a suit seeking final payment of the contract price. Appellant argues, and we agree, that an affidavit is not required by Section 713.06(3)(d)(l) in this case because the $500 he sought was not a final payment under the contract. See Connor v. Dreyer, 335 So.2d 352 (Fla. 2d DCA 1976).
Accordingly, the order of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GRIMES, C. J., and RYDER, J., concur.