FULMER, Judge.
This appeal arises from an action to foreclose a mechanic’s lien filed by a subcontractor against the owner of a project for which the subcontractor furnished labor, services and materials. The subcontractor, Superfos Construction (U.S.), Inc., (Superfos) challenges the final summary judgment entered in favor of HAJOCA Corporation (HAJOCA), the owner. HAJOCA moved for summary judgment on the ground that Superfos’s failure to serve its notice to owner prior to HAJOCA’s disbursement of its final payment to the general contractor was a complete defense to the enforcement of Superfos’s lien, even though HAJOCA made the final payment without obtaining the contractor’s affidavit that is required by section 713.06(3)(d), Florida Statutes (1995). We disagree with this contention and reverse the final summary judgment.
On July 1,1996, after the project had been completed, HAJOCA made its final payment to the general contractor for the project. HAJOCA did not obtain a contractor’s affidavit. Superfos served its notice to owner on July 10, 1996, which, it is undisputed, was within forty-five days of the date Superfos commenced its work. HAJOCA contends that the notice was untimely because it was served after final payment had been made. Superfos contends that an owner may shorten the forty-five day period for serving a notice to owner only by obtaining a contractor’s affidavit prior to making final payment.
Section 713.06(2)(a) provides that, as a prerequisite to perfecting a lien under chapter 713, a subcontractor “must serve a notice on the owner setting forth the lienor’s name and address, a description, sufficiént for identification of the real property, and the nature of the services or materials furnished or to be furnished.” This notice must be served “before commencing, or not later than 45 days after commencing, to furnish his services or materials, but, in any event, before the date of the owner’s disbursement of the final payment after the contractor has furnished the affidavit under subparagraph (3)(d)l.” In 1977, the following sentence was added to this subsection:
The notice must be served regardless of the method of payments by the owner, whether proper or improper and shall not give to the lienor serving the notice any priority over other lienors in the same category and the failure to serve the notice shall be a complete defense to payment by any person except a person with whom the *1229 lienor failing to serve the notice has a contract.[1]
HAJOCA argues that the addition of this sentence significantly changed the rights of owners and lienors under the mechanic’s lien law by making the failure to serve a notice to owner before final payment a complete defense to the enforcement of a lien,'regardless of whether the owner obtained a final contractor’s affidavit. In other words, HAJOCA argues that the owner’s disbursement of final payment is the relevant cutoff date by which the lienor must serve its notice to owner without regard to whether a final contractor’s affidavit is obtained, because failure to obtain the affidavit only renders the final payment “improper,” and, by virtue of the 1977 amendment, a payment that is improper does not affect the notice requirement. We disagree.
HAJOCA’s interpretation of the statute would dismantle the statutory scheme by which both the subcontractor and the owner are protected. The affidavit is the primary vehicle by which a subcontractor is assured of receiving its fair share of the moneys payable by the owner to the general contractor and by which the owner is protected from having to pay twice for the same labor or supplies.
The 1977 amendment did not dispense with the requirement in section 713.06(3)(d)5 that the owner retain the final payment until the contractor’s affidavit has been furnished. Nor did it alter the provision in subsection (3)(d)6 that the owner’s failure to withhold payment, as required by subparagraph (d)5, subjects the property improved “to the full amount of all valid liens of which the owner has notice at the time the contractor furnishes his affidavit.” Furthermore, the addition of the single sentence, quoted earlier, did not change the settled law that “an owner pays the contractor at his peril when he does not file the notice of commencement or demand and receive from the contractor the affidavit [required by subsection 713.06(3)(d)l].” See Adams v. McDonald, 356 So.2d 864, 866-867 (Fla. 1st DCA 1978).[2]. •
By making final payment without obtaining a contractor’s affidavit,' HAJOCA subjected itself to the claim of any subcontractor who, like Superfos, filed a notice to owner within forty-five days of commencing work. Therefore, we reverse the final summary judgment entered in favor of HAJOCA and remand for further proceedings.
Reversed and remanded.
PARKER, C.J., and FRANK, J., concur.

. Chapter 77-353, Laws of Florida. At the time of the litigation giving rise to this appeal, this sentence had been further amended by chapter 80-97, Laws of Florida, so that the 1995 version read:
The notice must be served regardless of the method of payments by the owner, whether proper or improper, and shall not give to the lienor serving the notice any priority over other lienors in the same category; and the failure to serve the notice, or to timely serve it, shall be a complete defense to enforcement of a lien by any person.
The 1980 amendment does not impact the arguments made by the parties to this appeal.

. We discussed the effect of the 1977 amendment in Sarasota Commercial Refrigeration and Air Conditioning, Inc. v. Schooley, 381 So.2d 1141 (Fla. 2d DCA 1980). Prior to 1977, chapter 713 had been interpreted to allow a lienor to enforce a claim under certain circumstances even though it failed to serve a notice to owner. The failure to serve notice was held to result merely in a loss of priority status. The amendment, however, bars all recovery where a timely notice is not filed.