**FRANK T. BUDGE CO. v. HORTT et al.**

Circuit Court of Appeals, Fifth Circuit.
April 23, 1929.

No. 5525.

R. F. Burdine, of Miami, Fla. (Burdine, Terry & Fleming and L. L. Robinson, all of Miami, Fla., on the brief), for appellant.

T. J. Blackwell, of Miami, Fla., Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla., and Carl A. Hiassen, C. N. McCune, and T. F. Fleming, all of Ft. Lauderdale, Fla., for appellees.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. The Frank T. Budge Company, appellant, sued to enforce a lien for labor and material furnished in the construction of a building, and brings here for review the decree of the District Court, which adjudged that its lien was inferior to that of appellee Hortt's mortgage upon the real property involved.

Fred W. Maxwell was the owner of adjoining lots 1 and 2 of block 42 in Fort Lauderdale, Fla. He had a two-story building on lot 2, but it did not cover the south 77 feet thereof, and, while he was constructing a one-story building on lot 1 and on the vacant part of lot 2, he entered into a contract with appellant, by which the latter agreed to furnish and install certain material consisting largely of plate glass for an arcade. This material was delivered and put in place, not continuously, but as the construction of the building progressed. One delivery was made on December 24, 1925, and another on February 3, 1926. Hortt's mortgage was dated February 15, 1926, and recorded the next day. Hortt and two other witnesses testified that on February 15th they made an inspection of the building which appeared to be completed; that there were no workmen about it, and no indication of any unfinished work. Hortt's attorney testified that on the morning of the 16th he again inspected the building in order to assure himself that no work was in progress; that the floors had been swept, and everything indicated that the building had been completed. Other material was delivered on the premises as late as February 26, but apparently it was placed in the old two-story building upon which appellant does not assert any claim of lien. It was admitted by appellant's witnesses that its workmen did not erect any scaffolding or leave any material on the premises, but that when a day's work was finished they took their equipment away. Appellant recorded notice of its lien within three months from the final completion of its work on both the new and the old buildings, and within one year from the record of such notice brought this suit. Its contention on this appeal is that the progress of the work was sufficient to afford such constructive notice as would make its lien superior to the lien of Hortt's mortgage.

As against the owner of real property or purchasers and creditors with notice, one in privity with the owner acquires a lien by the performance of labor or furnishing of materials upon such property. A purchaser or creditor whose interest is created or arises while the construction or repair of the property is in progress is deemed to be a purchaser or creditor with notice. As against purchasers and creditors without notice, a materialman's lien is acquired upon real estate only from the time of the record of notice. Notice of such lien to be effectual against creditors without notice must be filed within three months after the entire performance of labor or entire furnishing of material. Compiled General Laws of Florida (1927), § 5380. A lien so recorded has no retroactive effect upon a creditor without notice, but as to such creditor takes effect from the time of filing for record. Axtell v. Smedley & Rodgers Hardware Co., 59 Fla. 430, 52 So. 710; People's Bank v. Arbuckle, 82 Fla. 479, 90 So. 458.

It is not seriously contended that Hortt had actual notice of appellant's lien, and the evidence is ample to support the conclusion that he did not. The whole question, then, is whether there was sufficient evidence, tending to show that the work of construction or repair of the property was in progress, to charge Hortt with constructive

notice at the time his mortgage lien was created. In People's Bank v. Virginia Bridge & Iron Co., 94 Fla. 474, 113 So. 680, the Supreme Court of Florida held that, in order to show constructive notice, it must appear that the work upon the property was in actual progress. It follows from that opinion, as well as from the language of the statute itself, as it appears to us, that there was nothing to indicate that the new building was in an unfinished condition. The statute, as construed by the Supreme Court, was not designed to discourage the purchase of, or the acceptance of a mortgage upon, a building which had just been completed. A materialman can always preserve his lien by recording notice promptly as and when the materials are furnished, and he can protect himself both as to labor and materials while work is actually going on; but he cannot preserve his lien without record or actual notice by leaving the building in an apparently finished condition.

The decree is affirmed.