C. L. ARBUTHNOT v. MOODY COMPANY, INC., *et al.*

155 So. 840.

Division B.

Opinion Filed June 19, 1934.

Petition for Rehearing Denied July 17, 1934.

*M. L. Stephens,* for Appellant;

*H. T. Cook* and *Horn & Ossinsky,* for Appellees.

WHITFIELD, P. J.—The bill of complaint herein, brought to enforce a materialman's lien upon described real estate which had been assigned to C. L. Arbuthnot, alleges that:

"James May applied to said Flagler County Lumber Company and requested it to furnish him the lumber and building materials for a certain building and/or buildings the said James May was then building or about to build on" described land; "that the said James May was then and there in open possession of said real estate and the beneficial owner thereof under an agreement for the sale thereof to him by one Louetta S. Cochran, who then and there held the legal title as trustee for the said James May; that the said Flagler County Lumber Company thereupon contracted and agreed to furnish the said James May certain lumber and building materials to be used in the building and construction of said buildings and structures on said land, and that thereafter the said Flagler County Lumber Company did furnish unto the said James May certain lumber and building materials which were contracted and agreed to be furnished by said Company to the said May as aforesaid, and that the same were all used and incorporated and went into the building and construction of said buildings and structures built and constructed by the said James May on said described lots";

that a lien on the land for the material was filed and recorded; that the account and lien of the Flagler County Lumber Company were transferred to C. L. Arbuthnot; that James May died leaving a widow and minor children; that

"Louetta S. Cochran at the time the said lumber and building materials were furnished and used * * * had full knowledge thereof and acquiesced and consented thereto;

and further that the said Louetta S. Cochran on or about the 6th day of May, A. D. 1931, by her warranty deed duly executed, conveyed said real estate above described, to the defendant, Moody Company, Incorporated";

that the defendants, Moody Company, Incorporated, and the widow and minor children of James May claim some right in the premises which is inferior and subsequent to the right of complainant. An enforcement of the lien is prayed. A motion by Moody Company, Incorporated, to dismiss the bill of complaint was denied. A guardian *ad litem* was appointed for the minors. A decree *pro confesso* was entered against the widow of James May. Answers were filed for Moody Company, Incorporated, and the minor children of James May.

Testimony was taken before a special master whose findings were excepted to by Moody Company, Incorporated, and the exceptions were sustained in the final decree. The court decreed:

"That the complainant, C. L. Arbuthnot, be and he is hereby decreed to have a statutory materialman's lien against the limited interest and/or rights and/or title and/or equities of the defendants, Agatha Annie May, Samuel James May and Kathleen May, in and to lot one (1) and lot two (2) of Block one hundred fifty-one (151) in the Town of Bunnell, Flagler County, Florida, in the sum of Three Hundred Sixty-five and 39/100 ($365.39) Dollars, with interest thereon at the rate of eight (8) per cent. per annum from the 10th day of September, A. D. 1930; that this statutory lien decreed to complainant, C. L. Arbuthnot, however, shall be and the same is subordinate, inferior in dignity and subject to the rights and/or title and/or interest of the defendant, Moody Company, Incorporated, a corporation, in and to the above described property."

A petition for rehearing was denied. Arbuthnot appealed.

It is alleged that at the time the material was furnished, Louetta S. Cochran, held the legal title to the land as trustee for James May, and that she acquiesced and consented to the furnishing of the material for the building. James May's interest in the land was limited to his executory contract right to purchase the land.

It clearly appears that the material for the building was furnished to James May and not to Louetta S. Cochran, the contract vendor; and the evidence does not support the allegation that Louetta S. Cochran acquiesced and consented to the furnishing of the material to James May in the sense that she became liable therefor. Mere knowledge that the material was being furnished to her contract vendee and her failure to protest against it, do not render her liable personally or subject her interest or that of her grantee in the property to a lien for the material furnished and used in constructing a building on the land.

The court properly confined the lien to the interest of the contract vendee and his successors in interest in the land upon which the building was constructed.

Affirmed.

BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.