KELLY, CLIFTON M., Associate Judge.
This appeal is brought from a final decree which determined among other things that certain mechanics’ liens as provided for under the provisions of Chapter 84, Florida Statutes 1961, F.S.A., were superior in right and dignity to the claims of Sheridan, Inc., the Appellant, and Missouri Valley Investments Company, one of the Appellees, which cross-assigned as error said ruling. We are concerned only with this particular ruling of the lower court as all other matters which were in dispute were amicably settled following the filing of Appellant’s brief herein.
On January 16, 1962, Robert Palchanis, a builder, engaged the services of an engineer to lay out a house on and to check the subsurface soil conditions of Lot 28 of Lake Charles Manor, which was owned by Sheridan, Inc., the Appellant. This was a vacant lot located in Palm Beach County. On January 17, 1962 the engineer did what he was requested to do, and he promptly advised Palchanis that the house had been laid out and that the lot was suitable for a homesite; whereupon, Palchanis and his wife Helen purchased it on January 19, 1962, and as part consideration gave Sheridan a purchase money mortgage in the amount of $4,970.50. On the 23rd day of January 1962, the Palchanises obtained a construction loan in the amount of $16,500.-00 from Logan Moore Construction Com *873 pany, executing a note and mortgage covering this lot in Logan Moore’s favor. This mortgage and the purchase money mortgage were filed for record prior to January 25, 1962. Logan Moore assigned its mortgage to Missouri Valley Investments Company May 24, 1962.
Now, on the 25th day of January, 1962, Palchanis unloaded certain building materials on this lot and proceeded with his construction plans. The builder, having financial difficulties, failed to take care of many of the obligations incurred while the construction was in progress and, as a result thereof, several mechanic liens were filed against the lot and the improvements thereon. In connection with the litigation which followed, the lower court without making any findings of fact held that the mechanic liens were superior to the liens of the recorded mortgages above referred to. It would appear that this determination was caused by the Palchanises having the layout work carried out on the lot just prior to the time they purchased it, together with the fact the owner gave its permission for this to be done.
It is our view that the layout work did not constitute visible commencement of operations, and that the lien of the recorded mortgages was superior in right and dignity to the mechanic liens. The materials or labor used in the layout work were not incorporated in nor did they become a part of the improvements and were not of such manifest and substantial character as to notify interested persons that the lot was or about to be improved.
An excerpt from the testimony of the engineer who laid out the house shows what the layout work consisted of:
“Q. Describe to us what you do in laying out the house itself.
‘‘A. In most instances we lay it out according to the plans by first of all generally setting the main number of exterior corners necessary for them to properly set the batter board and pull the string lines. In some instances this amounts to four corners, four exterior corners of the house, and in some instances eight. We can get four, six, eight comers, whatever is necessary to guide the contractor in the placement of his batter boards, in such a manner that the house is actually located where he intends to have it be in relation to the lot lines.
“Q. What do you usually stick in the ground so that the contractor will have a guide ?
“A. We drive a one-by-two unpainted stake, generally eighteen to twenty-four inches in length in position on the exterior sides of the house walls and make those two alignments with a tag, and then besides this, we put a rough cypress lath four feet long with a plastic ribbon streamer, to enable them to determine where we drove the stakes.
“Q. All of this is visible to the naked eye?
“A. Yes.”
See the definitions of “Visible Commencement of Operations;” “Improve” and “Improvement” set out in Section 84.01, Florida Statutes 1961, F.S.A. Also see Section 84.03 of these statutes for a further explanation and understanding of visible commencement of operations.
Finding as we do that the lien of the recorded mortgages was superior to the mechanic liens, this cause of action is reversed and remanded for further proceedings in accordance with the views herein expressed.
Reversed.
SMITH, C. J., and ANDREWS, J., con-¡ cur.