LILES, Chief Judge.
Appellant is a land surveyor and has appealed from an order of the trial judge holding that his lien on a plot of undeveloped property was inferior to appellee’s mortgage on the same land. Each party to this appeal was plaintiff in separate suits against Continental Elomes & Development Company to foreclose their respective liens on the land in question.
Prior to August 1, 1963, appellant contracted with the vendee of a contract for the purchase, of this land to do surveying work on the land and to replat it as a new subdivision. Appellant is claiming a lien on the property for services rendered to this, vendee during the first two weeks of August. On August 26, 1963, the record owners of the land sold it to the vendee, whereupon the vendee immediately sold the land to Continental Homes. Appellee loaned money to Continental Homes for this purchase in return for a mortgage on the land. This loan was closed following an inspection of the property by appellee’s appraiser during which he discovered no signs of any construction or repairs in progress on the property. This mortgage was recorded on August 27, 1963.
Appellant did not file notice of his lien on the property, and suit was filed to foreclose on February 26, 1964.
Appellant claims that his lien, under Fla.Stat. § 85.05, which was renumbered § 713.54 by the legislature in 1967, F.S.A., is superior to appellee’s mortgage. The time at which this lien attaches to the property is determined by either Section 85.25 or Section 85.26 (now § 713.74 and § 713.75), depending on whether the creditor is in privity with the owner of the land.
In the present case appellant was in privity with the vendee of a contract to sell when the work was performed. As such he was in privity with the owner of *34 the equitable interest in this land, and an equitable owner as well as the legal owner is an owner within the meaning of this statute. Arbuthnot v. Moody Co., Inc., 1934, 115 Fla. 503, 155 So. 840; Chapman v. Saint Stephens Protestant Episcopal Church, 1931, 105 Fla. 683, 136 So. 238, modified on other grounds 105 Fla. 683, 145 So. 757, 84 A.L.R. 566.
Since appellant was in privity with the owner of the land his lien is perfected as provided for in Fla.Stat. § 85.25 (now § 713.74). As against the owner his lien came into existence at the time of performance of his labor. It is created at the same time with regard to purchasers atid creditors with notice. Florida Statute § 85.25(1). As to purchasers and creditors of such owner without notice, the lien is only acquired after the lienor has filed notice as provided for in the statute. Florida Statute § 85.25(2). Therefore, unless appellant can show that appellee was a creditor with notice, his lien will be inferior to appellee’s mortgage because it was not recorded prior to August 27, 1963, the date on which the mortgage was recorded.
There is no indication in the record that appellee had actual notice of appellant’s interest in the land.
Appellant argues that since the work was in progress at time the mortgage was executed appellee is held to be a creditor with notice within the terms of the statute. The statute provides that:
“Any purchaser or creditor whose title, interest, lien or claim in or to the property shall be created, or shall arise, while the construction or repair of such property as aforesaid is in progress shall be deemed and held to be a purchaser or creditor with notice.” Fla.Stat. § 85.25 (1).
At first blush it would appear that ap-pellee is a creditor with notice by the very terms of the statute. However, it has been held that the purpose of the above sentence is to place a subsequent creditor on inquiry notice of possible adverse claims to' the property if work giving rise to these claims is in progress at the time the mortgage is executed. This places the duty on a mortgagee to inspect the site to determine if any work is, in fact, in progress. If such an inspection does not reveal that work is indeed in progress, the creditor will not be held to have notice. People’s Bank of Jacksonville v. Virginia Bridge & Iron Co., 1927, 94 Fla. 474, 113 So. 680; Frank T. Budge Co. v. Hortt (5th Cir. 1929), 32 F.2d 157. These cases point out that the work “in progress” provision exists because if the work is actually in progress the subsequent creditor can easily determine this fact by merely inspecting the site. Any work being done on the site at that time gives rise to a duty to inquire into- the matter and determine if said work could possibly give rise to a lien on the property.
In the present case appellee did make an inspection of the site but found no evidence of work in progress. Appellant points out that portions of the land were staked with surveyor’s markers and that some of the land had been mowed in order for appellant to carry out its work. There was conflicting testimony as to how visible these stakes were, and as to the possible conclusion to be drawn from the paths mowed through the lot. The trial judge ruled that there was insufficient evidence to place appellee on inquiry notice and there is nothing in the record which causes us to believe that he was wrong. See Sheridan, Inc. v. Palchanis, Fla.App.1965, 172 So.2d 872; Maule Industries, Inc. v. Gaines Construction Co., Inc., Fla.App.1963, 157 So.2d 835.
Since appellee was a subsequent creditor without notice of appellant’s outstanding claim on the land and since appellee recorded its mortgage prior to any steps taken by appellant to perfect his lien, appellee’s mortgage is superior to any interest appellant may have in the land.
Affirmed.
HOBSON and MANN, JJ., concur.