PER CURIAM.
The appellant is the owner of the legal title to the real estate here involved, of which the equitable title is held by Rigoberto A. Rodriguez Gonzalez and Can-delaria Marrerro, his wife, as purchasers thereof under an agreement for deed (contract for sale) of which they are the assignees.
This appeal is by the fee title owner from a judgment holding it, as well as the purchasers’ assignees, to be personally indebted to the plaintiff lienor, and holding appellant’s fee title ownership interest, as well as the equitable interest of the purchasers under the agreement for deed, to be subject to the plaintiff’s mechanic’s lien, for which foreclosure was therein ordered for the unpaid cost of repairs to the property contracted for by the purchasers’ assignees (hereinafter referred to as the purchasers).
The action of the lien claimant to enforce the lien was brought against the appellant owner and the purchasers under the agreement for deed. The latter suffered a default to be entered against them. The owner defended unsuccessfully.
We. hold that the trial court was in error in ruling that the legal owner was personally liable to the plaintiff repairman. The legal owner had made no contract for the repairs; was not in privity with the repairman, and the record disclosed no basis upon which to imply a personal obligation of the legal owner to the materialman.
The trial court erred also in holding that the lien attached to the legal title interest of the appellant-owner. The repairs were made following a casualty loss to the property while in possession of the purchasers under the agreement for deed. They were contracted for by said purchasers, and in fact were made without the knowledge of the owner, and any such improvements or construction on the property were not expressly or impliedly required of the purchasers or called for by the agreement for deed. Arbuthnot v. Moody Co., 115 Fla. 503, 155 So. 840; Lee v. Sas, Fla. 1951, 53 So.2d 114; Tremont Company v. Paasche, Fla. 1955, 81 So.2d 489. Cf Tom Joyce Realty Corp. v. Popkin, Fla.App.1959, 111 So.2d 707.
Accordingly, the judgment is reversed in part, to the extent that it held the appellant personally liable for the indebtedness on which the mechanic’s lien was predicated, *414 and wherein the judgment imposed the lien on the legal title owner’s interest in the real estate, as distinguished from the equitable interest therein of the holders of the agreement for deed, upon which it properly'attached. Upon remand, the judgment should be amended so as to impose the lien on the equitable interest of the purchasers only, and to sufficiently descr-ibe their equitable interest in the property under the agreement for deed, and provide for enforcement of the lien thereupon by foreclosure sale.
Reversed in part, and remanded with directions.